UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Theresa Ann Smith,<br><br>            Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi,<br>Acting Commissioner of Social Security<br><br>            Defendant. | Case No. 19-cv-01571 (SRN/HB)<br><br><br>**ORDER** |

James H. Greeman, Greeman Toomey, 250 Second Avenue South, Suite 120, Minneapolis, MN 55401, for Plaintiff.

Elvi Jenkins and Marisa Silverman, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Theresa Ann Smith's Motion for Attorney Fees [Doc. No. 46]. For the reasons set forth below, Ms. Smith's Motion is granted.

**I.    BACKGROUND**

Ms. Smith applied for Social Security Disability Benefits and Supplemental Security Income in February 2016. (SSA R. ("R.") [Doc. No. 14] at 121.) Her claim was initially denied and then again denied after reconsideration. (*Id.* at 83–112, 117–146.) She next requested review by an Administrative Law Judge ("ALJ"), who denied her claim in August 2018, and then appealed the ALJ's decision to the Appeals Council, which denied

1

review. (*Id.* at 1–6, 13–35, 37–82.) The Appeals Council's denial became the final decision of the Commissioner of Social Security ("Commissioner"). (*Id.* at 1–6.)

Ms. Smith then filed this action, seeking judicial review of the Commissioner's decision. (Compl. [Doc. No. 1].) Pursuant to the Commissioner's unopposed motion, [Doc. No. 17], the Court remanded the case. (Dec. 20, 2019 Order [Doc. No. 21].) The Court's remand entitled Ms. Smith to the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which she duly requested, [Doc. No. 24], and the Court granted an award of $6,681.60. (Apr. 11, 2022 Order [Doc. No. 32].) The Court stayed the case pending the outcome on remand, and after receiving notice of a benefits award, lifted the stay on May 1, 2023. [Docs. No. 33–45.]

Ms. Smith prevailed before the Social Security Administration ("SSA") and was awarded both disability benefits and supplemental security income—in the amounts of $81,604.00 and $62,577.00, respectively—for past-due benefits. (Title II Award [Doc. No. 48] at 3; Title XVI Award [Doc. No. 49] at 2.) The SSA withheld from the disability benefits award twenty-five percent of the amount of past-due benefits for representative fees, totaling $20,401.00. (Title II Award at 4 (withholding $20,401.00).) Ms. Smith now moves for the award of these fees pursuant to 42 U.S.C. § 406(b)(1)(A), with the provision that the previously awarded EAJA fees be refunded to Ms. Smith.[1] (Pl.'s Mem. [Doc. No.

---

[1] Ms. Smith states that she "also received a Notice of Award for Title XVI benefits which covers almost the same period of eligibility except for March, April and May 2016, therefore the claimant is owed additional past due benefits of $2,199.00 of which 25% of the past due benefits would be $549.75." (Pl.'s Mem. at 6.) The Commissioner, for its part, does not address this statement, instead simply urging the Court to award a fee no larger

47] at 6–7.) In support of her Motion, Ms. Smith submitted two Notices of Award from the SSA, the attorney fee agreement with her counsel, and a copy of the Appointment of Representative Form. (*See* Title II Award; Title XVI Award; Fee Agreement [Doc. No. 50]; Appointment of Representative Form [Doc. No. 51].)

The Commissioner does not oppose Ms. Smith's Motion, but filed a response to emphasize that the EAJA fees must be refunded to Ms. Smith after the Court awards fees under Section 406(b)(1)(A). (Def.'s Resp. [Doc. No. 52] at 2–3.)

## II. DISCUSSION

The Court may award a successful Social Security claimant's counsel "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Where the representation is governed by a contingency fee agreement, as is the case here, the Court reviews "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To assess the reasonableness of the fee award sought,

---

than $20,401.00, which is consistent with the amount withheld from the disability benefits award. (Def.'s Resp. at 2.)

The Title XVI Award does not reflect Ms. Smith's calculations; instead, it states that the amount of past-due benefits owed is $62,577.00. (Title XVI Award at 2.) It also states that Ms. Smith is entitled to back payments beginning in March 2016, without excepting March, April, and May. (*Id.*) In addition, the Title XVI Award notes that the SSA "will send [Ms. Smith] another letter about your back payments." (*Id.*) However, this other letter has not been submitted. The Court will not speculate as to whether its contents resolve the apparent discrepancy between Ms. Smith's description of the Title XVI Award and the Title XVI Award itself.

Because the record does not reflect the withholding of $549.75 (or any amount) from the Title XVI Award, and Ms. Smith has not otherwise requested fees in proportion to the $62,577.00 actually awarded, the Court will solely consider awarding the $20,401.00 withheld from the Title II Award.

the Court starts with the contingency fee agreement and then assesses the "character of the representation and the results the representative achieved." *Id.* at 808. The Court may reduce the fee award when the representation is deficient, when counsel delayed the proceedings to increase the benefits from which the fee was payable, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

Here, counsel's representation of Ms. Smith was ultimately successful because it resulted in the award of $81,604.00 in past-due disability benefits. (*See* Title II Award.) Ms. Smith's fee agreement provides that if a civil action is filed in district court, counsel "shall have the option and right to file a FEE PETITION seeking a fee greater than $6,000.00 but not more than twenty-five percent (25%) of the total past due benefits pursuant to 42 U.S.C. Section 406(b)." (Fee Agreement.) Therefore, both the fee agreement and the statute permit the award of fees in this case.

The requested attorney's fees of $20,401.00 are reasonable. First, the fee agreement comports with Section 406(b)'s requirements because it limits the award to twenty-five percent of the total past due benefits awarded. (Fee Agreement.) The Supreme Court has noted that contingency agreements for the statutory maximum of twenty-five percent "are the most common fee arrangement between attorneys and Social Security claimants," and nothing suggests that the agreement here was unreasonable when entered. *Gisbrecht*, 535 U.S. at 800. Moreover, the record that counsel worked with spanned more than 1,300 pages. (*See generally* R.)

As for the factors warranting a reduction in fees, counsel has competently represented Ms. Smith, as demonstrated by the final result of the administrative

proceedings. Next, there is no evidence in the record that counsel was responsible for any significant or undue delays.

Finally, the full award would not result in a disproportionate payment to counsel based on the time spent on the case and the complexity of the proceedings. Although counsel has not attested to the hours spent representing Ms. Smith since the remand, counsel estimates that the award of $20,401.00 would translate into a compensation rate of approximately $900 per hour.[2] (Pl.'s Mem. at 7.) While a $900 hourly rate may appear excessive on its face, courts in this District often approve higher rates. *See, e.g.*, *Mai V. v. Kijakazi*, No. 17-cv-4347 (ECT/DTS), 2022 WL 4667400, at *2 (D. Minn. Sept. 12, 2022) (approving a $950 effective hourly rate), *adopting report and recommendation*, 2022 WL 4663289 (D. Minn. Sept. 30, 2022); *Mary F. v. Saul*, No. 20-cv-111 (DSD/KMM), 2021 WL 6338632, at *2 (D. Minn. Dec. 21, 2021) (approving a $970.65 effective hourly rate), *adopting report and recommendation*, 2022 WL 93944 (D. Minn. Jan. 10, 2022); *Jody A. E. v. Saul*, No. 16-969, 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving a $1,229.63 effective hourly rate). Consequently, the award will not constitute a windfall for Ms. Smith's counsel.

In light of the terms of the contingency fee agreement, the amount of effort expended on Ms. Smith's case, the length of the proceedings, the comparable rates awarded in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $20,401.00 is reasonable. As noted by both parties, counsel must return the

---

[2] Counsel previously attested to spending 34.8 hours on the case in support of the EAJA fee award. (*See* Apr. 11, 2022 Order at 3.)

previously awarded EAJA fees to Ms. Smith. *Gisbrecht*, 535 U.S. at 796. Accordingly, subject to the refund of $6,681.00 in EAJA fees to Ms. Smith, the Court awards Ms. Smith's counsel the requested $20.401.00 in withheld fees.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ms. Smith's Motion for Attorney's Fees [Doc. No. 46] is **GRANTED**;

2. Ms. Smith's counsel is awarded $20,401.00 in attorney's fees; and

3. Ms. Smith's counsel must refund to Ms. Smith the amount of $6,681.60, representing the EAJA fees previously awarded.

Dated: May 22, 2023

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge